UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-21 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERT CUFF | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Recusal and Assignment of New Judge filed by Defendant Robert Cuff ("Cuff"). See Record Document 739. Cuff is seeking the recusal of this Court based on an alleged "appearance of impartiality" that "objectively establishes a likelihood of 'personal bias or prejudice' on the part of the judge in this case." Record Document 740. For the reasons which follow, the Motion for Recusal and Assignment of New Judge is **DENIED**.

**I. BACKGROUND**

Cuff entered not guilty pleas to three counts on September 1, 2011. See Record Document 304. On September 27, 2011 Cuff and his attorney, Stephen P. Karns, executed a plea agreement. See Record Document 387 at 6. Cuff plead guilty to Count 1 of the Second Superseding Indictment on December 1, 2011. See Record Document 386. On July 5, 2012, attorney Eric H. Schweitzer, moved for admission, *pro hac vice*, to serve as trial counsel for Cuff. See Record Document 517. The motion was granted, and Mr. Schweitzer moved this Court to permit him to substitute as trial counsel for Stephen P. Karns and John Chandler. See Record Document 521. This Court denied Mr. Schweitzer's request, but permitted him to appear with Mr. Karns at the sentencing hearing. See Record Document 525. Mr. Schweitzer filed a Motion to Withdraw Guilty Plea of

Robert Cuff on July 12, 2012.  See Record Document 529.

This Court took up the Motion to Withdraw Guilty Plea during the sentencing hearing on July 13, 2012.  See Record Document 540.  The Motion to Withdraw Guilty Plea was denied and Cuff was sentenced to life imprisonment. Id.  Cuff has filed a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 which is pending before this Court.  See Record Documents 732 and 737.

**II. Law and Analysis**

It is well established that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a).  In addition, "he shall also disqualify himself in the following circumstances: Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §455(b)(1). It is noted that "each §455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." Valley v. Rapides Parish School Board, 992 F. Supp. 848 (W.D. LA. 1997), citing United States v. Jordan, 49 F. 3d 152, 156 (5th Cir. 1995).

A "judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." Garcia v. City of Laredo, Tex., 702 F. 3d 788, 794 (5th Cir. 2012),(citing Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir.2003) (internal quotation marks omitted)).  It is well established that a court's "imposition of sentence, standing alone, is not sufficient to establish bias." 510 U.S. 540.

The main argument made in the Motion for Recusal is that this Court did not permit

Cuff to withdraw his guilty plea, based on the alleged insanity or involuntary intoxication defense. It is alleged that in denying the testimony of alleged experts as to Cuff's mental state, this Court acted in a manner displaying a bias against Cuff. An appeal was filed by Cuff, in which he argued that it was improper for this Court to accept his guilty plea "without making an adequate inquiry into whether or not his plea was knowing." See Record Document 679.

It is important to first establish that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (U.S. 1994). When it comes to judicial rulings, "Almost invariably, they are proper grounds for appeal, not for recusal." Id. Cuff took up the issue of whether his guilty plea should have been withdrawn on appeal. The Fifth Circuit found that "the record reflects that, at the time of the rearraignment, Cuff was regarded by his supervisors and peers as high functioning, his demeanor was not unusual, and no medical opinions bearing on competency had been presented." See Record Document 679. Further "although questions about Cuff's mental 'status' had surfaced, the court and counsel stated that Cuff's competency to enter a guilty plea was not in doubt. Cuff has not pointed to evidence that was before the district court sufficient to raise a bona fide doubt about his competency." Id.

The only evidence provided in support of the Motion for Recusal is the fact that this Court did not permit experts to testify in support of a the Motion to Withdraw Guilty Plea, and that this court did not grant the Motion to Withdraw Guilty Plea. This does not rise to the level of establishing a bias on the part of this Court towards Cuff.

### III. Conclusion

Based on the foregoing analysis, the Motion for Recusal and Assignment of New

Judge filed by Robert Cuff is **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 24th day of April, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE