**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-21 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERT CUFF | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is Petitioner Robert Cuff's ("Cuff") Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. See Record Document 737. Cuff seeks to have his sentence corrected on seven grounds which will each be analyzed by the Court. For the reasons discussed herein, Cuff's Motion is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Cuff, also known as "dd0040" and "slapalot," joined "Dreamboard," an online bulletin board for the exchange of sexual videos and images on March 22, 2009. See Record Document 387-2 at 4. During his time as a member of "Dreamboard," he posted a total of forty-three images or files. See id. Most of these images were of young children posing in sexual positions or engaging in sexual acts with adults. See id. As a result of these postings, he was elevated to VIP status on the site. See id.

While conducting a search of Cuff's house pursuant to a search warrant, law enforcement seized a computer containing multiple sexual video files. The seized files included videos of Cuff sexually abusing a five-year old girl. The five-year old girl was the daughter of a woman, with whom Cuff had been involved.

On August 10, 2011, Cuff was charged by a federal grand jury in a second superseding indictment with one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). See Record Document 245. Additionally, Cuff was

charged with one count of conspiracy to advertise the distribution of child pornography in violation of 18 U.S.C. §§ 2251(d)(1) and (e). See id. Furthermore, Cuff was charged with one count of conspiracy to distribute child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). See id. Subsequent to the indictment, the Court permitted mental health professionals to conduct a mental evaluation of him at the place of incarceration. See Record Documents 340, 359, and 360. On August 30, 2011, the Court granted a motion permitting Stephen P. Karns ("Karns") to appear *pro hac vice*. See Record Document 296. Based on the record, Karns was the lead counsel in Cuff's case.

On December 1, 2011, Cuff pleaded guilty to count one, engaging in a child exploitation enterprise of the second superseding indictment. See Record Document 387. Again, the Court issued Orders permitting mental health professionals to interview and evaluate Cuff. See Record Documents 398, 405, and 408.

On January 23, 2012, the Presentence Report was issued. See Record Document 544. Due to an enhancement pursuant to U.S.S.G. § 4B1.5(b)(1), the recommended total offense level was 48 because Cuff "engaged in a pattern of activity involving prohibited sexual conduct." See id. His Criminal History Category was determined by the Probation Office to be a One (I). See id. Consequently, the combination of these scores led to a determination that Cuff's guideline imprisonment range was life imprisonment. See id.

On February 3, 2012, Karns filed a Motion to Continue Dates for Objections to the Presentence Report and Sentencing. See Record Document 436. In his Motion, Karns asserted that additional time was needed in order for his experts to complete their evaluations as well as to allow time for his counsel to prepare a motion for downward departure or variance. See id. On February 6, 2012, the Court issued an Order granting

Karns' Motion and re-scheduled the sentencing for May 16, 2012. See Record Document 438. Karns' objections to the Presentence Report were due on April 18, 2012. See id. On April 10, 2012, Karns filed a second Motion to Continue Dates for Objections to the Presentence Report and Sentencing. See Record Document 461. Again, Karns cites the need for additional time in order for his experts to complete their evaluations as well as to allow time for him to prepare a motion for downward departure or variance. See id. On April 11, 2012, the Court issued an Order granting Karns' Motion and re-scheduled the sentencing for July 13, 2012. See Record Document 464. The objections to the Presentence Report were also due on June 13, 2012. See id.

On June 29, 2012, Karns filed a forty-page Pre-sentencing Memorandum, which incorporated a motion for downward departure. See Record Document 513. In his Pre-sentencing Memorandum, Karns advocated for the Court to impose a sentence that was less than the determined life imprisonment recommended in the Presentence Report. Karns attached thirty exhibits to the Memorandum, including photographs and letters attesting to Cuff's admirable work record while he was employed by the United States Navy. See Record Documents 513-516.

On July 5, 2012, roughly one week before the July 13, 2012 sentencing date, Eric H. Schweitzer ("Schweitzer") filed a Motion to Appear *Pro Hac Vice*. See Record Document 517. The Court granted the Motion on July 6, 2012. See Record Document 518. On July 9, 2012, four days before sentencing, Schweitzer filed a Motion to Substitute himself in place of Karns. See Record Document 521. In the Motion, Schweitzer argued that he learned of a brain injury sustained by Cuff and that this may constitute a defense to the charges levied against Cuff. See id. Schweitzer also asserted that Karns was

incapable of counseling Cuff in that regard. See id. The Motion further requested the Court "allow him sufficient time to prepare for sentencing and any other matters which [sic] this writer may deem advisable." See id. The Court denied this Motion on July 10, 2012. See Record Document 525. In denying the Motion, the Court reasoned that Schweitzer was already enrolled as co-counsel with Karns. See Record Documents 518 and 525. Therefore, because of his appointment as co-counsel, Schweitzer was permitted to attend the sentencing hearings, but Karns was required to participate. Furthermore, as it concerned a continuance, the Court reasoned that Cuff had already been granted a total of 220 days to prepare for sentencing and that this was his third request for a continuance. See Record Document 525. Thus, the Court denied Schweitzer's request for a third continuance.

Included in Schweitzer's Motion to Substitute, Schweitzer alerted the Court of his intent to file a Motion to Withdraw Cuff's Guilty Plea. See Record Document 521. On July 12, 2012, the day before the sentencing hearing, Schweitzer filed the Motion to Withdraw Cuff's Guilty Plea. See Record Document 529. The government filed its opposition the day of the sentencing hearing. See Record Document 530. At the sentencing hearing, the Court denied the Motion to Withdraw Cuff's Guilty Plea and also denied the request for a downward departure. The Court sentenced Cuff to life in prison, which was the sentence recommended under the advisory guidelines in the Presentence Report. See Record Document 540. Furthermore, the Court determined that the aforementioned sentence would be followed by a lifetime of supervised release should Cuff ever be released from prison. See id.

On July 12, 2012, Schweitzer filed a Notice of Appeal pursuant to 18 U.S.C. § 3742 on behalf of Cuff. See Record Document 537. On August 7, 2013, the United States Court of Appeals for the Fifth Circuit affirmed Cuff's conviction and sentence. See Record Document 679. The United States Supreme Court denied Cuff's Petition for Writ of Certiorari. See Record Document 692. At this time, Cuff moves to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. See Record Document 737. Cuff alleges seven grounds as to why the present Section 2255 Motion should be granted:

(1) Breach of the plea agreement and vacate the guilty plea for violation of the non-prosecution clause;[1]

(2) Ineffective assistance of counsel for failure to move for competency review under 18 U.S.C. § 4241;

(3) Ineffective assistance of counsel for failure to investigate insanity or involuntary intoxication defenses;

(4) Ineffective assistance of counsel for failure to investigate;

(5) The conviction for engaging in a child exploitation enterprise under 18 U.S.C. § 2252(A)(g) is constitutionally defective for lacking a *mens rea* element that would require the prosecution to prove that Cuff knowingly acted in concert with three or more persons, and alternatively, ineffective assistance of counsel for failure to raise the *mens rea* element in Cuff's defense;

(6) Ineffective assistance of counsel for failure to object to a five (5) level enhancement under U.S.S.G. 4B1.5(b); and

(7) Ineffective assistance of counsel for failing to ensure that Cuff fully understood at the change of plea hearing that the district court could impose

---

[1] Cuff argues that as part of his plea agreement, the government agreed not to prosecute him in conjunction with the investigation that formed the basis for the second superseding indictment. The investigation led to the seizure of videos produced in the Western District of Texas and the videos led to a five (5) level enhancement in the offense level. Based on the videos, Cuff argues that this Court sentenced him to life imprisonment. He also maintains, the government breached the plea agreement because thirteen days after he pleaded guilty in the Western District of Louisiana, the government in the Western District of Texas indicted Cuff based on the videos.

> a term of life in prison even if Cuff waived his right to a jury trial, resulting in an involuntary and unknowing guilty plea.

See Record Document 737.

## LAW AND ANALYSIS

**I.    Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), (quoting United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982). The Supreme Court reasoned that, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. Frady, 456 U.S. at 164-65, 102 S. Ct. at 1593. "To the contrary, a final judgment commands respect." Id.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168, 102 S. Ct. at 1594. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, defendant must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

Accordingly, Cuff must have brought these claims on direct appeal or be able to show cause and prejudice for why he failed to do so. In the present action, Cuff's assertion that that government breached the plea agreement, specifically the non-prosecution clause contained therein, is constitutional in nature because the breach of a plea agreement "implicates constitutional due process concerns." United States v. Robinson, 117 F. App'x 973, 978 (5th Cir. 2004). However, Cuff failed to raise this claim on direct review. The Fifth Circuit opinion affirming the Court's sentence, stated that "[a]lthough Cuff complains of prosecutorial misconduct, he did not develop the facts supporting this claim, so we are not able to review it on appeal." Record Document 679 at 6.

Furthermore, Cuff was aware of the Texas indictment at the time of his appeal and could have established facts in order for the Fifth Circuit to review the present claim.

Nonetheless, defendants are still able to raise an issue for the first time on collateral review. As indicated supra, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error if he raises a constitutional or jurisdictional issue for the first time on collateral review. See Frady, 456 U.S. at 168, 102 S. Ct. at 1594. The Court finds that Cuff has failed to offer evidence that would establish some external element that prevented him from raising his claim on direct appeal. Cuff attempts to argue that the declaration from Karns that allegedly supports this claim that the government breached the plea agreement was obtained after his direct appeal. However, the fact that appellate counsel failed to provide the Fifth Circuit with Karns' declaration is not of issue with the Court. Appellate Counsel should have obtained Karns' declaration at the time he filed his Notice of Appeal.

Accordingly, the Court finds that Cuff's claim that the government breached the plea agreement is procedurally barred. Furthermore, Cuff attempts to couch this claim as an ineffective assistance of counsel claim in order to bring it within the ambit of a less stringent standard. However, the Court rejects such an argument because in Cuff's Amended Section 2255 Motion he clearly outlines his ineffective assistance of counsel claims in claims two, three, four, six, and seven, but fails to mention ineffective assistance of counsel in claim one.

## II. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504, 123 S. Ct. at 1693. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S. Ct. at 2064. The court is to presume that counsel's actions are encompassed within the wide range of reasonable competence. See id. at 690, 104 S. Ct. at 2065. The defendant may overcome

this presumption only by showing that under the totality of the circumstances, counsel's performance was "outside the wide range of professionally competent assistance." Id., 104 S. Ct. at 2066.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068; Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A claimant must demonstrate that counsel's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

Claims two, three, four, six, and seven of Cuff's Amended Section 2255 Motion raise ineffective assistance of counsel claims. The Court will address each claim separately in the following sections

### A. Claim that Karns was ineffective for failing to seek a competency review

Claim two of Cuff's Section 2255 Motion avers that Karns was ineffective because he failed to move for a competency review pursuant to 18 U.S.C. § 4241. Section 4241 states in pertinent part that a court can only grant this motion:

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

During the guilty plea, in response to the Court's question regarding his suffering from post-traumatic stress syndrome, Cuff, who was under oath, stated that he was starting treatment for the post-traumatic stress syndrome that he developed since being stationed in Somalia. See Record Document 453, Guilty Plea Tr. at 8. The Court specifically asked Cuff, "You have any mental or physical problems that would limit your ability to understand what is happening?" Cuff responded, "I don't believe so, Your Honor, no." Id. Further, both the Assistant United States Attorney and Karns stated that Cuff was competent. See id. at 9. Therefore, the Court stated, "The Court finds the defendant competent to plead guilty to Count 1 today." Id.

Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)). In the present action, Cuff has failed to present any evidence to refute his statements made under oath. Furthermore, at the end of the guilty plea, the Court stated, "I am concerned over not a mental competency issue, I'm concerned over a mental status issue, and I have provided counsel with the name of a local Ph.D. psychologist, clinical psychologist, who can conduct that." Record Document 453 at 30. The Court stated that it was concerned that Cuff needed medication and that he was "properly classified" in his place of detention. Id. Thus, Karns' actions were not unreasonable nor prejudicial. Karns cannot be deemed ineffective for failing to raise a meritless claim. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections."). Accordingly, the Court rejects Cuff's claim that

Karns was ineffective for failing to seek a mental competency review pursuant to 18 U.S.C. § 4241.

### B. Claim that Karns was ineffective for failing to investigate "mental defenses" before advising Cuff as to his guilty plea

Cuff argues that Karns was ineffective because he did not investigate "mental defenses" before advising Cuff as to his guilty plea. The mental defenses that Cuff argues Karns failed to raise are insanity, involuntary intoxication, and diminished capacity. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland v. Washington, 466 U.S. 668, 691, 104 S. Ct. 2052, 2066 (1984). Trial counsel are "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." Harrington v. Richter, 562 U.S. 86, 107, 131 S. Ct. 770, 789 (2011); United States v. Bernard, 762 F.3d 467, 474 (5th Cir. 2014). The decision not to pursue the insanity defense was strategic in the hopes of getting Cuff the best possible deal. United States v. Green, 116 F.3d 1115, 1122 (5th Cir. 1997) ("There is sufficient evidence demonstrating that the decision not to proffer an insanity defense was a 'conscious and informed' tactical one."). Furthermore, it should be noted that Karns had the opportunity to examine Cuff's medical evaluations and chose not to pursue a mental defense. Karns' actions are entitled to heavy deference. It should be noted that if we were to allow every defendant to second guess counsel's decisions, judicial efficiency would be severely eroded.

Nonetheless, Cuff attaches numerous exhibits in support of the proposition that the medication he took to prevent malaria was responsible for mental health issues

leading to his criminal conduct. However, this argument has already been rejected by the Court. During the argument on the Motion to Withdraw Cuff's Guilty Plea, the Court stated, "I am absolutely stunned that all of the information that you provide us as a theory does not match up with what was going on during the career of his military service, during the time of the video and all the other acts of molestation that were videoed that were viewed by the Court and the counsel this morning." Record Document 572, Sent. Tr. at 19. The Court remarked that Cuff was competent when he performed at a high level in the military. Thus, Cuff was competent when he engaged in criminal conduct. See id.

Moreover, in arguing the Motion to Withdraw Cuff's Guilty Plea, Schweitzer contended that he should be able to withdraw his plea and "be allowed to work up a case of insanity." Id. at 21. At that point, Schweitzer argued that Karns did not know at the time of the guilty plea that Cuff had been taking a medication for malaria that rendered him "insane." See id. at 22. The Court rejected this argument. Again, the Court pointed out that Cuff's work as well as his ability to mask his criminal behavior demonstrated a "highly functioning cognitive level of thinking." Id. at 25. For instance, the child pornography that was the subject of the case had been in his home computers. See id. at 26. The Court remarked that Cuff's actions, specifically with the five-year old girl, were not "connected to insanity" but rather were "connected to a very cold, calculating purposeful defendant, who on the one hand had what appears to be a sterling record in the United States Navy and high involvement requiring high cognitive functioning with respect to various projects assigned to him over the years." Id. at 38.

In denying the Motion to Withdraw Cuff's Guilty Plea, the Court stated, "Based on what I'm seeing, the causal connection between taking this one drug and his heinous acts

of child molestation…simply are deviant behavior with enough cognition in that frontal cortex area to hide this from the real world in which he lived and worked." Id. at 42. Therefore, based on the sentencing transcript and review of the record, the Court finds that Cuff has failed to present any evidence that would change the Court's position. Accordingly, Karns was not ineffective in failing to further investigate Cuff's potential mental defenses because such defenses would not have been viable and trial counsel is accorded a heavy measure of deference. See Strickland v. Washington, 466 U.S. 668, 691, 104 S. Ct. 2052, 2066 (1984).

    **C.    Claim that Karns was ineffective for failing to investigate the use of the name "slapalot"**

Cuff contends that Karns was ineffective for failing to investigate the username "slapalot." Cuff argues that the username was used by others. Under oath, Cuff acknowledged that the factual basis was an accurate recitation of his "involvement in the role of the enterprise." Record Document 453, Guilty Plea Tr. at 6. This factual basis stated on at least four occasions that the Defendant was Robert Cuff a.k.a. slapalot. See Record Document 387-2 at 4. Accordingly, the Court finds that Karns cannot be considered ineffective for failing to investigate a meritless assertion.

    **D.    Claim that Karns was ineffective for failing to investigate the lack of the *mens rea* element in the indictment**

Cuff contends that the indictment was constitutionally defective because it lacked a *mens rea* element. In the alternative, Cuff claims Karns was ineffective for failing to raise that issue.

The issue concerning the indictment is procedurally barred, as Cuff has not established cause or prejudice for failure to raise this claim before. A similar claim was

discussed on appeal in which Cuff argued that the factual stipulation submitted at the time of the guilty plea did not establish that he posted advertisements "in concert with three or more other persons." See Record Document 679. The Fifth Circuit remarked this issue was novel but found that factual stipulation did show that he acted in concert with three or more persons. See id. Cuff failed to raise the "knowingly" argument on direct appeal. Therefore, Cuff's claim is procedurally barred because he has failed to show cause and actual prejudice.

In the alternative, Cuff argues ineffective assistance of counsel due to Karns alleged failure to raise the *mens rea* element in his defense. Cuff contends that nothing in the record shows that he "knowingly" acted with anyone. As the description of the complex arrangement of Dreamboard shows, in submitting material, Cuff knew that he was acting with three or more individuals. Nevertheless, his counsel cannot be considered ineffective for failing to raise this novel issue. United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995) (not ineffective for counsel to fail to raise an "innovative sentencing issue"); Davis v. Wainwright, 547 F.2d 261, 264 (5th Cir. 1977) (effectiveness of counsel does not "require an imaginative assertion of every possible theory of defense or mitigation which might in the unpredictable future turn out to be accepted by some court some day in some case").

Accordingly, the Court finds that Cuff's claim is procedurally barred. In the alternative, Karns was not ineffective for failing to investigate the lack of the *mens rea* element in the indictment.

### E. Claim that Karns was ineffective for failing to object to the enhancement

Cuff argues that Karns was ineffective for failing to object to the enhancement under U.S.S.G. § 4B1.5(b). In order to show that counsel's performance at sentencing in a noncapital case was prejudicial under Strickland, a defendant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 700 (2001); United States v. Herrera, 412 F.3d 577, 581 (5th Cir. 2005).

Cuff asserts that the enhancement should not apply to child pornography offenses. However, Cuff did not plead guilty to a child pornography offense. Cuff pleaded guilty to engaging in child exploitation enterprise. See Record Document 387. Objecting to the enhancement would not have altered the Cuff's sentence, as he has not presented a viable basis for an objection. United States v. Rosales-Miranda, 434 F. App'x 404, 405 (5th Cir. 2011) (because an objection to a sentencing enhancement would have been unsuccessful, defendant could not establish ineffective assistance of counsel); United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (sentencing court correctly applied enhancement; therefore, objection by counsel would have been fruitless, and defendant failed to establish ineffective assistance of counsel). Accordingly, the Court finds that Karns was not ineffective for failing to object to the sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b) because Cuff pleaded guilty to engaging in a child exploitation enterprise, which results in a sentencing enhancement.

### F. Claim that Karns was ineffective for failing to advise Cuff that he would face a life sentence if he pleaded guilty

Cuff argues that Karns was ineffective in failing to advise him that he could face a life sentence if he pleaded guilty. At sentencing, in addressing the five-level enhancement which resulted in the Cuff's life sentence, Karns argued that Cuff was not aware of the possibility of that enhancement when he pleaded guilty. See Record Document 572, Sent. Tr. at 51. Karns, who had represented Cuff at the guilty plea stated, "I didn't advise him of the possibilities of a plus-five, yes." Id. The Court addressed that argument by stating "If every defense counsel advised of every possible enhancement, you would never stop advising." Id. at 52.

Moreover, Cuff was aware of that he could potentially face life imprisonment. The Court in accepting Cuff's guilty plea stated that the indictment says that Robert Cuff, a/k/a DD0040, Slapalot, understands and agrees, first, that the maximum punishment on Count 1 is a statutory mandatory minimum sentence of not less than 20 years nor more than life in prison. You see that?." Record Document 435, Guilty Plea Tr. at 22. Cuff responded, "Yes, your Honor." Id. The Court further stated "If you get to court and you have a fixed idea of what your sentence will be, if I sentence you to more time than you anticipate, I need you to understand this: You're still bound by the guilty plea that you have entered, under oath, in this court today. Do you understand that?". Id. at 28. Cuff responded, "Yes, your Honor." Id.

Accordingly, the Court finds that Karns was not ineffective in failing to advise Cuff that he would potentially face a life sentence if he pleaded guilty.

## CONCLUSION

Cuff is procedurally barred from asserting claim one and claim five. As to Cuff's ineffective assistance of counsel claims, Cuff is unable to demonstrate both of the necessary elements of the Strickland test. Therefore, Cuff's Section 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because Cuff has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 12th day of March, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT