UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-21 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERT CUFF (21) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Robert Cuff's ("Cuff") Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on Remand from the Fifth Circuit. See Record Document 737. The Fifth Circuit reversed and remanded the issues raised in ground one of Cuff's Amended § 2255 Motion. See Record Document 843. On remand, this Court must determine (1) whether the breach-of-plea agreement claim was procedurally defaulted and (2) whether the plea agreement was breached. See id. at 7. For the reasons set forth below, the Court finds that Cuff's breach-of-plea agreement claim is procedurally barred, and the plea agreement was not breached. Therefore, Cuff's Amended § 2255 Motion is **DENIED** with respect to the issues presented on Remand.

**BACKGROUND**

Cuff, also known as "dd0040" and "slapalot," joined "Dreamboard," an online bulletin board for the exchange of sexual videos and images on March 22, 2009. See Record Document 756 at 1. On August 10, 2011, Cuff was charged by a federal grand jury in a Second Superseding Indictment with one count of engaging in child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). See id. Additionally, Cuff was charged with

one count conspiracy to advertise the distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). See id. at 2.

On December 1, 2011, Cuff pled guilty to count one, engaging in a child exploitation enterprise of the Second Superseding Indictment. See id. This Court sentenced Cuff to life in prison, followed by a lifetime of supervised release should he ever be released from prison. See id. On July 12, 2012, Cuff appealed his conviction and sentence pursuant to 18 U.S.C. § 3742. See id. at 5. The Fifth Circuit affirmed Cuff's conviction and sentence on August 7, 2013. See id. The United States Supreme Court denied his Petition for Writ of Certiorari. See id. His Amended § 2255 Motion followed thereafter. See id.

In ground one, Cuff argues the Court should vacate his guilty plea for violation of the non-prosecution clause contained within the plea agreement. See id. Cuff contends that the Government agreed not to prosecute him in conjunction with the investigation that formed the basis of the Second Superseding Indictment. See id. at fn 1. This investigation led to the seizure of videos produced in the Western District of Texas, and the videos led to a five-level enhancement in the offense level. See id. Cuff submits that the Government breached the plea agreement because the Government in the Western District of Texas indicted Cuff based on the videos thirteen days after he pled guilty in the Western District of Louisiana. See id.

On appeal, the Fifth Circuit remanded the issues contemplated in ground one because Cuff presented "defensible" arguments. See Record Document 843 at 11. The Fifth Circuit remanded to this Court with instructions to determine (1) whether Cuff or his counsel knew or should have known of the Texas indictment before his sentencing and (2) if not, whether Cuff was prejudiced. See id. at 13. Because the question of procedural

default had not been decided by the district court, the Fifth Circuit could not determine whether the plea agreement had been breached. See id. Thus, the Fifth Circuit found that this Court is best equipped to determine whether a breach occurred. See id.

## LAW AND ANALYSIS

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992). Additionally, the Fifth Circuit has held a claim is not procedurally barred from collateral review if the defendant can show "cause for the default and actual prejudice as a result." U.S. v. Robinson, 323 Fed. Appx. 340, 341 (5th Cir. 2009).

"To show cause for a procedural default, a movant must 'show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" Id. at 342 (quoting U.S. v. Guerra, 94 F. 3d 989, 993 (5th Cir. 1996)

(citation omitted)). To demonstrate actual prejudice, a movant must show "'not merely that the errors…created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" Id. (quoting Hughes v. Quarterman, 530 F. 3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted)).

"Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021) (citing Bousley v. U.S., 523 U.S. 614, 622 (1998)). If the defendant cannot illustrate "a 'colorable showing of factual innocence,'" he fails to demonstrate a fundamental miscarriage of justice. Id. (citing U.S. v. Flores, 981 F. 2d 231, 236 (5th Cir. 1993)).

## II. Breach of Plea Agreement.

"'If a defendant pleads guilty as part of a plea agreement, the Government must strictly adhere to the terms and conditions of its promises in the agreement.'" U.S. v. Elashyi, 554 F. 3d 480, 501 (5th Cir. 2008) (quoting U.S. v. Munoz, 408 F. 3d 222, 226 (5th Cir. 2005)). To determine whether a plea agreement has been breached, a court should "look to 'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'" U.S. v. Bevill, 611 Fed. Appx. 180, 182 (5th Cir. 2015) (quoting U.S. v. Valencia, 985 F. 2d 758, 761 (5th Cir. 1993)). "'The defendant must prove the underlying facts that establish a breach by a preponderance of the evidence.'" Id. (quoting U.S. v. Wittie, 25 F. 3d 250, 262 (5th Cir. 1994), aff'd on other

4

grounds, 515 U.S. 389, 115 S. Ct. 2199 (1995)). When a court interprets a plea agreement, it should apply the "general principles of contract law." Id.

**III. Analysis.**

The Court will first address whether Cuff's breach of the plea agreement claim is procedurally barred. His allegation that the Government breached the plea agreement, specifically the non-prosecution clause, is constitutional in nature because the breach of a plea agreement "implicates constitutional due process concerns." U.S. v. Robinson, 117 Fed. Appx. 973, 978 (5th Cir. 2004). Even though Cuff failed to raise this claim on direct review, he can still raise it for the first time on collateral review. Cuff must show both "cause" for his procedural default and "actual prejudice" resulting from the error if he raises a constitutional issue for the first time on collateral review. See Frady, 456 U.S. at 168, 102 S. Ct. at 1594. "Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021).

This Court accepted and entered Cuff's guilty plea on December 1, 2011, but Cuff and his counsel claim they were not aware of the Texas indictment until after his sentencing on July 13, 2012. See Record Document 735-1 at 3. Stephen Hormel ("Hormel"), previous counsel to Cuff, provides that he was unaware of the detainer letter dated January 9, 2012 that was sent to the Bossier Parish Medical Facility where Cuff was housed prior to his sentencing. See id. at 4. As a result, Hormel argues he was not

able to fully advise Cuff, which prevented him from making a voluntary, knowing and intelligent plea. See id.

In support of the instant Motion, Hormel also submits Stephen Karns's ("Karns"), previous counsel to Cuff, amended declaration to clarify the facts surrounding the alleged prosecutorial misconduct. See Record Document 735-1. In this declaration, Karns states that he "do[es] not believe the United States Probation Office in Western Louisiana knew of the Texas Indictment, nor do[es] he believe that Judge Hicks knew of the Texas Indictment before imposing a life sentence." See id. at 4. Under penalty of perjury, Karns confirmed he was not aware of the Texas indictment at the time Cuff entered his guilty plea. See id. at 3. If he had known, he would have moved the Court to vacate the guilty plea or allow Cuff to withdraw his guilty plea. See id. at 4–5.

After review of the declaration and the attached detainer letter, the Court finds that there may be some objective evidence supporting cause. The factual allegations support "a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion." See Stamper, 2021 WL 3847816, at *4. Neither Cuff nor his counsel knew about the Texas indictment at the time Cuff entered his guilty plea in the Western District of Louisiana. Under penalty of perjury, Hormel and Karns state that if they had known of the Texas indictment, their advice to Cuff would have been different. Therefore, the Court finds that Cuff has adequately shown cause.

Next, the Court will address whether Cuff was actually prejudiced. Cuff claims he was prejudiced because he was deprived of information necessary to make a knowing, voluntary, and intelligent guilty plea to count one. See Record Document 734 at 12. The Court finds no actual prejudice resulted from this lack of information. On February 18,

2015, the Texas indictment was dismissed without prejudice. See No. 11-3016, Record Document 106. This dismissal cured any possible prejudice because any information resulting from the Texas indictment that could have changed Cuff's mind about entering a guilty plea no longer exists. At the time of Cuff's guilty plea, he claims he was unaware of any other charges pending against him. If this Court ultimately decided to vacate his plea and give him another opportunity to plead guilty, the result would be the same as it was in 2011 because there are no other charges pending against him. Therefore, Cuff fails to prove actual prejudice, and his breach of plea agreement claim is procedurally barred on collateral review.

Even though Cuff fails to show both cause and prejudice, his claim may still be raised in a § 2255 motion if he can establish his innocence. See Stamper, 2021 WL 3847816, at *4. Cuff does not attempt to prove his innocence; rather, he is trying to prove that he failed to enter a voluntary, knowing, and intelligent plea. He fails to put forth evidence of his actual innocence; therefore, his breach of plea agreement claim remains procedurally barred.

Even if Cuff's claim was not procedurally barred, it would still fail on the merits because the Government did not breach the plea agreement. Cuff contends the Government breached the non-prosecution clause of the plea agreement by obtaining an indictment in the Western District of Texas. See Record Document 734 at 7. He argues that while the United States Attorney's Office in the Western District of Louisiana entered the plea agreement, their promise to refrain from charging Cuff with other offenses is binding on all United States Attorney's Offices throughout the United States, including the Western District of Texas. See id. at 9.

7

Appellate courts are split on whether "promises made on behalf of 'the Government' or 'the United States' by a United States Attorney to a defendant bind other United States Attorneys with respect to the same defendant." U.S. v. Gebbie, 294 F. 3d 540, 546–47 (3rd Cir. 2002). Here, the non-prosecution clause provides as follows:

> If the Defendant completely fulfills of his obligations and agreements under this plea agreement, the Government agrees to dismiss the remaining Counts of the Second Superseding Indictment after sentencing and it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Second Superseding Indictment.

See Record Document 387 at 1–2. The Court does not interpret this clause as binding on all United States District Attorneys. The clause only refers to the Second Superseding Indictment in the Western District of Louisiana. Even though Fifth Circuit case law is sparse on this issue, there is an analogous Fifth Circuit case that supports the Court's finding. In U.S. v. D'Apice, the Court held that a United States Attorney cannot "bind his counterpart in another district to dismiss an indictment." 664 F. 2d 75, 78 (5th Cir. 1981). While D'Apice did not discuss the binding effect of a plea agreement, it is likely that if a United States Attorney cannot bind another United States Attorney to dismiss an indictment, they cannot bind another United States Attorney to bring an indictment.

Furthermore, the Texas indictment involved four different counts than the Louisiana Second Superseding Indictment. See No. 11-3016, Record Document 3. These counts are not related to the Second Superseding Indictment in the Western District of Louisiana. There is nothing in the plea agreement suggesting that the United States Attorney's Office in the Western District of Louisiana knew about the sealed Texas indictment or intended to bind the United States Attorney's Office in the Western District of Texas. Cuff has failed

8

to establish breach by a preponderance of the evidence because the United States Attorney's Office in the Western District of Louisiana abided by the plea agreement. The remaining counts were dismissed, and the United States Attorney's Office in the Western District of Louisiana did not prosecute Cuff for other known offenses that formed the basis of the Second Superseding Indictment. Therefore, even though Cuff's claim is procedurally barred, it also fails on the merits.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Cuff's Amended Motion to Vacate under § 2255 (Record Document 737) is **DENIED** with respect to the issues presented on Remand. Cuff's breach of plea agreement claim is procedurally barred; however, even if his claim was not procedurally barred, it would fail on the merits because there was no breach of the plea agreement.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 3rd day of March, 2025.

/s/ Maurice Hicks

UNITED STATES DISTRICT COURT JUDGE