**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-21 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERT CUFF (21) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner-Defendant Robert Cuff's ("Cuff") Motion for Relief from the Court's March 3, 2025 Order pursuant to Federal Rule 60(b)(6). See Record Document 885. The United States of America ("the Government") opposed. See Record Document 891. Cuff replied. See Record Document 896. For the reasons set forth below, Cuff's Motion (Record Document 885) is **DENIED**.

**BACKGROUND**

Since the facts of this case are detailed and complex, the Court will only address the pertinent facts. A full recitation of the facts can be found in the Court's previous Memorandum Ruling. See Record Document 882. On March 3, 2025, this Court denied Cuff's Amended Motion to Vacate under § 2255 (Record Document 737) with respect to the issues presented on Remand. See Record Documents 882 & 883. The Court found that Cuff's breach of plea agreement claim was procedurally barred; however, even if his claim was not procedurally barred, the Court held that it would fail on the merits because there was no breach of the plea agreement. See id. The instant Motion ensued.

**I. Federal Rule 60(b)(6).**

"Rule 60(b) provides six grounds for which a district court may grant relief from a final judgment or order…." Schouest v. Home Depot USA Inc., No. 23-1505, 2024 WL 4930661, at *2 (E.D. La. Dec. 2, 2024). "The party seeking relief under Rule 60(b) bears the burden of establishing the prerequisites for relief, and the district court enjoys broad discretion in assessing whether any of the grounds in Rule 60(b) is satisfied." Id. "Relief under Rule 60(b) is an extraordinary remedy, which will be granted only if the moving party demonstrates 'unusual or unique circumstances justifying such relief.'" Id.

A court must consider certain factors when deciding whether to grant relief under Rule 60(b):

> (1) that final judgments should not be lightly disturbed, (2) that the Rule 60(b) motion is not to be used as a substitute for appeal, (3) that the rule should be liberally construed to achieve substantial justice, (4) whether the motion was made within a reasonable time, (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense, (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense, (7) whether there are intervening equities that would make it inequitable to grant relief, and (8) any other factors relevant to the justice of the judgment under attack.

Id. (quoting Crutcher v. Aetna Life Ins. Co., 746 F. 2d 1076, 1082 (5th Cir. 1984), citing U.S. v. Gould, 301 F. 2d 353, 355–56 (5th Cir. 1962)). "Rule 60(b)'s 'main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to

2

consider fresh evidence….'" Id. (quoting Fackelman v. Bell, 564 F. 2d 734, 735 (5th Cir. 1977)).

Specifically, "[u]nder Rule 60(b)(6), a court may grant relief from final judgment for 'any other reason that justifies relief.'" Id. at *4 (quoting FED. R. CIV. P. 60(b)(6)). "'To prevail in a Rule 60(b)(6) motion, the plaintiff must show that "extraordinary circumstances" apply.'" Id. (quoting U.S. v. Planned Parenthood of Hous., 570 Fed. Appx. 386, 390 (5th Cir. 2014) (quoting Adams v. Thaler, 679 F. 3d 312, 319 (5th Cir. 2012))). "Courts have found a 'few narrowly defined situations that clearly present "other reasons justifying relief,"' including 'when there is gross neglect by counsel and an absence of neglect by the party.'" Id. Rule 60(b)(6) "cannot operate to relieve a party from the 'free, calculated, and deliberate choices he has made.'" Hoffman v. Jindal, No. 12-796, 2025 WL 582492, at *3 (M.D. La. Feb. 21, 2025).

The extraordinary circumstances required under Rule 60(b)(6) "'will rarely occur in the habeas context.'" U.S. v. Johnson, No. 14-47-1, 2019 WL 1746298, at *2 (S.D. Tex. Apr. 17, 2019). "Federal habeas review for a prisoner in federal custody is governed by 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." Id. "'AEDPA limits the circumstances under which a [federal] prisoner may file a successive application for federal habeas review.'" Id. (quoting In re Edwards, 865 F. 3d 197, 203 (5th Cir. 2017)). "'Because of the comparative leniency of Rule 60(b) [as compared to AEDPA], petitioners sometimes attempt to file what are in fact second-or-successive habeas petitioners under the guise of Rule 60(b) motions.'" Id.

3

"To bring a proper Rule 60(b) claim, a movant must show 'a non-merits-based defect in the district court's earlier decision on the federal habeas petition.'" Id. As a result, the Fifth Circuit has advised that:

> it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim, because [p]rocedural defects are narrowly construed. They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second change to have the merits determined favorably.

Id. (quoting Edwards, 865 F. 3d at 205) (internal quotations omitted).

## II. Summary of the Arguments.

Cuff moves this Court for the entry of an order vacating and setting aside its March 3, 2025 Order denying Cuff's Amended Motion to Vacate under § 2255. See Record Document 885 at 1. Thereafter, he submits that this matter should be set for an evidentiary hearing in accordance with § 2255(b). See id. He argues it was error for this Court to rule without holding a hearing because the Fifth Circuit clearly intended that there would be additional factfinding in this case. See Record Document 885-1 at 5.

Additionally, Cuff contends it was error for the Court to find that his claim was procedurally barred. See id. at 6. First, he avers that the Court cannot accurately say that he fails to prove actual prejudice because he was never given the opportunity to prove anything. See id. at 8. He advances that there was no hearing at which he could offer evidence regarding the ways and extent to which he was prejudiced by the unscrupulous behavior of multiple U.S. Attorneys and several government agents working with them.

4

See id. Second, Cuff asserts that the Court incorrectly assumed that if he were given another opportunity to plead guilty the result would be the same as it was in 2011 because there is no reason to assume that he would plead guilty again, knowing he would receive a life sentence. See id. at 9.

Cuff also submits that it was error for the Court to find that the plea agreement was not breached by the Government. See id. He argues the factors upon which the Court relied are either incorrect or unproven because there has been no hearing in this matter, all of which leads the Court to an incorrect legal analysis. See id. at 10. Ultimately, Cuff asks this Court to vacate and set aside its March 3, 2025 Memorandum Ruling and Order and refer this matter to a Magistrate Judge for a hearing. See id. at 12.

The Government opposes, asserting that the Court does not have authority to entertain any substantive issues raised in Cuff's Motion, which is a successive unauthorized § 2255 motion. See Record Document 891 at 1. Even if considered procedural rather than substantive, the Government contends his complaint about the lack of hearing has no merit. See id. The Government submits that the Fifth Circuit's opinion did not require an evidentiary hearing; rather, it remanded the case for factfinding. See id. at 3, 6. The Government avers that this Court made the necessary findings without an evidentiary hearing. See id. at 6.

Cuff replies, maintaining that his Motion is not successive because it raises a procedural question: whether he received procedural due process, i.e., was there a defect in the integrity of the federal habeas proceedings? See Record Document 896 at 2. He contends that all but one other issue raised in his Motion are related to this threshold question of whether he was entitled to a hearing. See id. Cuff reiterates that the Fifth

5

Circuit's ruling, the plain language of the applicable statute, and the case law from both the Supreme Court and every circuit court of appeals establish his right to an evidentiary hearing. See id.

**III. Analysis.**

On remand, the Fifth Circuit charged this Court a "factfinding" function. See Record Document 843 at 12–14. This Court does not interpret "factfinding" as an equivalent to holding an evidentiary hearing. The record itself contains sufficient facts to address the issues on remand. Cuff's challenge to the lack of an evidentiary hearing is a disguised merits-based attack on the dismissal of his previous Amended § 2255 Motion. See U.S. v. Vialva, 904 F. 3d 356, 361 (5th Cir. 2018). This kind of merits-based attack is essentially a successive § 2255 motion which requires circuit-court authorization that he has not obtained. See id.

Even if this Court found Cuff's challenges to be procedural, an evidentiary hearing is still unnecessary. "Under the statute, an evidentiary hearing must be held unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" U.S. v. Curry, No. 10-111, 2024 WL 4059131, at *3 (E.D. La. Sept. 5, 2024) (quoting 28 U.S.C. § 2255(b)). "No evidentiary hearing is required, however, if the prisoner fails to produce any 'independent indicia of the likely merit of [his] allegations.'" Id. (quoting U.S. v. Edwards, 442 F. 3d 258, 264 (5th Cir. 2006), citing U.S. v. Cervantes, 132 F. 3d 1106, 1110 (5th Cir. 1998)). With respect to the questions of prejudice and breach of the plea agreement, Cuff has failed to provide independent information that is sufficient to support the merits of his allegations and vacate the Court's March 3, 2025 Order. These

questions of prejudice and breach are not procedural; they are substantive, merits-based questions that have already been ruled on by the Court.

In its previous Memorandum Ruling, this Court conducted a fact-finding analysis with respect to the issues of cause, prejudice, and breach of the plea agreement. See Record Document 882. In the instant Motion, Cuff disagrees with the Court's conclusion as to prejudice and breach. The Court upholds its previous findings. As to prejudice, the dismissal of the Texas indictment cured any possible prejudice because any information resulting from the Texas indictment that could have changed Cuff's mind about pleading guilty no longer exists. Furthermore, this Court agrees with Fifth Circuit Judge Oldham's dissent, in which he found there was no prejudice because Cuff "obtained the benefits contemplated by the plea agreement when the Western District of Texas dismissed the indictment." See Record Document 843 at 24. Additionally, Judge Oldham cited a previous Fifth Circuit case in which dismissal of a second indictment cured this type of breach. See id. at 25 (citing U.S. v. Purser, 747 F. 3d 284, 293 (5th Cir. 2014). This Court upholds its previous finding as to prejudice.

This Court upholds its previous finding for breach of the plea agreement as well. The Texas indictment involved four different counts than the Louisiana Second Superseding Indictment. See No. 11-3016, Record Document 3. These counts are not related to the Second Superseding Indictment in the Western District of Louisiana. As part of its factfinding on remand, the Court did a side-by-side comparison of the two indictments. Under the Louisiana Second Superseding Indictment, Cuff was charged with the following: Engaging in a Child Exploitation Enterprise 18 U.S.C. § 2252A(g); Conspiracy to Advertise the Distribution of Child Pornography 18 U.S.C. § 2251(d)(1) &

(e); and Conspiracy to Distribute Child Pornography 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). See Record Document 245. In the Texas Indictment, Cuff was charged with the following: Aggravated Sexual Abuse 18 U.S.C. § 2241(c); Sexual Exploitation of Children 18 U.S.C. § 2251(a); Sexual Exploitation of Minors 18 U.S.C. § 2252(a)(2) & (b)(1); and Possession of Sexual Exploration of Minors 18 U.S.S. § 2252(a)(4)(B) & (b)(2). See Case No. 3:11-cr-03016, Record Document 3.

It is evident that these two indictments involved different counts. Additionally, there is nothing in the plea agreement suggesting that the United States Attorney's Office in the Western District of Louisiana knew about the sealed Texas indictment or intended to bind the United States Attorney's Office in the Western District of Texas. Because the record contains sufficient facts to address the issues of prejudice and breach, no further factfinding by this Court would alter this result. See Record Document 843 at 15 (Oldham, Circuit Judge, dissenting).

The Fifth Circuit merely stated that further factfinding was necessary to determine procedural default and breach of the plea agreement. See Record Document 843 at 12–14. Even though Cuff claims his instant Motion attacks certain defects in the integrity of the proceeding, he merely links the absence of an evidentiary hearing to his substantive attack on this Court's previous resolution of his claims, which is improper. See Vialva, 904 F. 3d at 362–63. "In dealing with an unauthorized successive § 2255 motion, a district court may either deny it or transfer the motion to the appeals court pursuant to 28 U.S.C. § 1631." Rangel-Hernandez v. Thompson, No. 22-0179, 12-0874-2, 2022 WL 22608255, at *2 (S.D. Tex. Sept. 1, 2022). The instant Motion is **DENIED**.

## CONCLUSION

Based on the reasons stated above,

**IT IS ORDERED** that Cuff's Motion to Set Aside or Vacate the Court's March 3, 2025 Order (Record Document 885) is **DENIED**.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 21st day of May, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE